IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAMIAN WILLIAMS,

    Plaintiff,

v.

HONDA DEVELOPMENT AND
MANUFACTURING OF
AMERICA, LLC,

    Defendant.

:
:
:
:

Case No. 3:22-cv-79

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING AS MOOT DEFENDANT'S MOTION TO STRIKE, (DOC. #24), AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (DOC. #17); SUSTAINING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL OF CLAIM III AND DISMISSING THE REMAINDER OF PLAINTIFF'S COMPLAINT, (DOC. #1), WITHOUT PREJUDICE TO REFILING IN A STATE COURT OF COMPETENT JURISDICTION; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

This matter comes before the Court on Defendant Honda Development and Manufacturing of America's ("Honda") Motion for Summary Judgment, Doc. #17, and Motion to Strike Portions of Plaintiff's Affidavit, Doc. #24, offered in opposition thereto, Plaintiff Damian Williams has filed a Response in Opposition to the Motion for Summary Judgment, Doc. #21, and a Response in Opposition to the Motion to Strike Portions of Plaintiff's Affidavit, Doc. #26. Honda filed their Reply in Support of the Motion for Summary Judgment, Doc. #23, and their Reply in Support of the Motion to Strike Portions of Plaintiff's Affidavit, Doc. #28. For the reasons below,

Honda's Motion to Strike Portions of Plaintiff's Affidavit is OVERRULED AS MOOT, as is Honda's Motion for Summary Judgment.

## I. Procedural Background

Plaintiff Damian Williams ("Plaintiff" or "Williams") filed suit against Honda on March 21, 2022, and asserted seven claims: racial discrimination in violation of Ohio Revised Code (R.C.) § 4112.02 *et seq.* (Count One); disability discrimination in violation of R.C. § 4112.02 *et seq.* (Count Two); retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Count Three); sex/gender and sexual orientation discrimination in violation of R.C. § 4112.02 *et seq.* (Count Four); age discrimination in violation of R.C. § 4112.02 *et seq.* (Count Five); retaliation in violation of R.C. § 4112.02 *et seq.* (Count Six); and wrongful termination in violation of public policy as manifested in R.C. § 4101.11 (Count Seven). Doc. #1, PageID #7–15.[1] After a stipulation by both parties allowing Defendant an extension of time to respond to the complaint, Doc. #7, Honda filed its Answer on May 16, 2022. Doc. #8. After approximately a year of discovery, Honda filed the instant Motion for Summary Judgment, Doc. #17, on June 30, 2023. Plaintiff's Unopposed Motion for Extension of Time to File a Response/Reply, Doc. #20, was granted on July 20, 2023. Plaintiff filed their Response in Opposition to Defendant's Motion for Summary Judgment on July 28,

---

[1] This Court's jurisdiction is based on a federal question "arising under" the Constitution or laws of the United States and supplemental jurisdiction of related claims that are a part of the same case or controversy. 28 U.S.C. §§ 1331, 1367.

2

2023. Doc. #21. Defendant's Unopposed Motion for Extension of Time to File a Response/Reply, Doc. #22, was granted on August 8, 2023. Defendant's Reply in Support of its Motion for Summary Judgment was filed on August 17, 2023. Doc. #23.

Defendant filed the instant Motion to Strike Portions of Plaintiff's Affidavit on August 17, 2023. Doc. #24. Plaintiff filed their Opposition to Defendant's Motion to Strike Portions of Plaintiff's Affidavit on September 11, 2023. Doc. #26. Defendant filed their Reply in Support of their Motion to Strike Portions of Plaintiff's Affidavit on September 25, 2023. Doc. #28. The motions are now ripe for review.

## II. Factual Background

Williams worked at Honda's Anna Engine Plant beginning in January 2019. Williams Dep. at 33, Doc. #17-1 at PageID #112. Between January 2019 and October 26, 2020, Williams was employed through Kelly Services, a temp agency, but was assigned to work at the Honda Anna Engine Plant. *Id.* In late 2020, Williams was hired directly by Honda and continued to work at the same plant. *Id.* at 34, PageID #113.

Williams is HIV positive and, under the care of his doctor, has taken various prescribed medications to help control his disability. *Id.* Unfortunately, Williams has had some difficulty with being able to access his medicine consistently. *Id.* at 77–78, PageID #123–24. Because of this lack of consistency in his medication regime, Williams was forced to take intermittent leave in late 2020 and early 2021

3

to treat symptoms that resulted from switching medications, including emotional imbalances. *Id.* at 81, 105—06, 131, PageID #124, 130—31, 137.

While working at Honda, Williams reported to Sandra McReynolds, his direct supervisor. McReynolds Dep. at 11, Doc. #17-3, PageID #220. As his supervisor, Ms. McReynolds was aware that Williams had an autoimmune disorder and knew that he had taken leave on at least one occasion. *Id.* at 17—19, PageID #221—22.

On March 16, 2021, Williams suffered an emotional breakdown resulting from his medication and left work early. McReynolds Dep. at 46—47, Doc. #17-3, PageID #229. Rumors began circulating amongst his coworkers about why Williams left early, so during the pre-shift meeting the next day, Mr. Williams expressed his displeasure at the rumors he had heard his coworkers circulating. *Id.* at Ex. F, PageID #361—69. Honda responded by sending him home that day pending their investigation into the incident. *Id.* at PageID #370.

Melanie Erb, an employee working in the human resources department at Honda, began investigating the incident on behalf of Honda. Erb. Dep. at 8—10, Doc. #17-2, PageID #182—83. Multiple employees spoke with Ms. Erb during her investigation into the incident. *Id.* at PageID #361—69. While employees' recollections varied slightly on the exact words that Williams used, they consistently remembered that Williams said to "leave his fucking name out of [the employees'] mouths" and "if it doesn't stop that [sic] we were going to really [have] problems." *Id.* Many of the interviewees stated that they took Williams's actions, words, and demeanor as a threat. *Id.* Williams was ultimately terminated

4

by Honda "for creating a hostile and threatening work environment." Erb Dep. at 10, Doc. #17-2, PageID #183.

### III. Legal Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a

5

scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe; credibility determinations must be left to the factfinder. 10A Wright, Miller & Kane, Federal Practice and Procedure § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however, a court may consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

A party seeking to avoid summary judgment may not rely on an affidavit contradicting their earlier deposition testimony submitted in an attempt to create

6

an issue of material fact. *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991). When such an affidavit is subject to a motion to strike, a court should "use a scalpel, not a butcher knife, . . . strik[ing] portions of affidavits that do not satisfy the requirements of Rule 56(e)." *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009) (internal quotation omitted).

### IV. Legal Analysis

Honda has moved for summary judgment on all seven counts in this case. Doc. #17, PageID #101. Williams, in his response, opposes the Motion for Summary Judgment as it relates to Counts I, II, and IV of his Complaint, but asks to voluntarily dismiss Counts III, V, VI, and VII. Doc. #21, PageID #407. Honda has also moved to strike portions of Mr. Williams response, namely certain aspects of his attached affidavit. Doc. #24, PageID #448. Given the Court's disposition of this litigation, and the fact that Williams has asked to dismiss, *inter alia*, Count III of the Complaint, the only federal claim, it is not necessary for this Court to rule on any aspect of Honda's Motion to Strike and same is therefore overruled as moot, given this Court's desire to give Williams the option to refile the non-federal claims in a state court of competent jurisdiction.

<u>Motion for Summary Judgment</u>

In response to Defendant's Motion for Summary Judgment, Doc. #17, Williams seeks to voluntarily dismiss several of the Counts initially alleged. Doc. #21 at PageID #407 n.80 ("Williams voluntarily dismisses the remaining Counts III [the only federal claim charged], V, VI, VII"). Fed. R. Civ. P. 41(a)(1)(A) permits a

7

plaintiff to voluntarily dismiss their action so long as it does so before the defendant files either an answer or a motion for summary judgment. As Honda has already filed both an answer and a motion for summary judgment, voluntary dismissal is no longer an option. However, under Rule 41(a)(2), the Court can order the dismissal at this stage "on terms that the court considers proper." A district court is afforded discretion to determine the proper terms for dismissal. *See Stern v. Inter-Mountain Tel. Co.*, 226 F.2d 409 (6th Cir. 1955). Dismissal under Rule 41(a)(2) is presumed to be without prejudice, unless the order states otherwise. Fed. R. Civ. P. 41(a)(2). Given the Court's desire to preserve Williams's right to refile his state law claims in a state court of competent jurisdiction, in keeping with the discretion afforded to district courts, the Court SUSTAINS Williams's request to dismiss Claim III.

Having dismissed Claim III—Williams's FMLA claim, the lone federal claim—the Court declines to exercise supplemental jurisdiction over Williams's state law discrimination claims set forth in Claims I, II, IV, V, VI, and VII. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that if federal claims are dismissed before trial, the state claims should be dismissed as well); 28 U.S.C. §1367(c)(3) (providing that district courts *may* decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction) (emphasis added). As a result, the Court DISMISSES the remainder of Williams's Complaint, Doc. #1, without prejudice to refiling in a state court of competent

8

jurisdiction, and OVERRULES AS MOOT Defendant's Motion for Summary Judgment. Doc. #17

### V. Conclusion

For the reasons set forth above, the Court OVERRULES both Defendant's Motion to Strike, Doc. #24, and its Motion for Summary Judgment, Doc. #17, AS MOOT. Williams's Claim III is VOLUNTARILY DISMISSED without prejudice.

Judgment is to be entered in favor of Defendant and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**Date:** March 7, 2024

WALTER H. RICE
UNITED STATES DISTRICT JUDGE